**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0310-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANK J. STILLO,

    Defendant-Appellant.

_____

Submitted January 19, 2021 – Decided February 5, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 10-05-0135.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an August 17, 2019 order denying his petition for post-conviction relief (PCR) without a hearing. Defendant argues that the sentencing judge erred in finding aggravating factor five, N.J.S.A. 2C:44-1(a)(5) ("[t]here is a substantial likelihood that the defendant is involved in organized criminal activity"), and that his trial counsel rendered ineffective assistance of counsel by lying to defendant regarding whether the sentencing judge would consider aggravating factor five, thereby preventing his admission into the Intensive Supervision Program (ISP). Additionally, defendant argues that the matter should be remanded for an amended judgment of conviction as to count ninety-seven.

In May 2010, a Warren County grand jury indicted defendant with 179 charges of various drug law violations. In July 2015, defendant pled guilty to thirty-six counts of the indictment. The sentencing judge dismissed the remaining counts. The sentencing judge found three aggravating factors, including aggravating factor five, and no mitigating factors. He sentenced defendant to a ten-year prison term. As per the plea agreement, the sentencing judge explained to defendant that he would not recommend him for the ISP or drug court.

Defendant appealed, arguing that the sentence was excessive. In February 2016, this court heard argument and upheld the convictions. In June 2016, defendant filed a petition for PCR. The PCR judge denied defendant's petition without an evidentiary hearing and entered the order under review.

On appeal, defendant raises the following arguments for this court's consideration:

> POINT I
>
> THE [PCR JUDGE] ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.
>
> > A. The Prevailing Legal Principles Regarding Claims of Ineffective Assistance of Counsel, Evidentiary Hearings and Petitions for [PCR.]
> >
> > B. Defendant Established a Prima Facie Case of Ineffective Assistance of Counsel Since Trial Counsel Misled Defendant as to Whether Aggravating Factor Five Would Apply to His Case and Thereby Render Him Ineligible for [ISP].
>
> POINT II
>
> THE MATTER SHOULD BE REMANDED FOR AN AMENDED JUDGMENT OF CONVICTION VACATING THE CONVICTION ON COUNT [NINETY-SEVEN] SINCE NO FACTUAL BASIS

A-0310-19T4

WAS ENTERED FOR THAT COUNT OF THE INDICTMENT.

We agree that defendant failed to establish a prima facie case of ineffective assistance of counsel and was therefore not entitled to an evidentiary hearing. Because the State has consented to a remand to amend the judgment of conviction to vacate the conviction and fines relating to count ninety-seven, we affirm in part and remand in part for that purpose.

When a PCR judge does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, this court must consider whether

4

counsel's performance fell below an object standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64.

"Rule 3:22-10 recognizes judicial discretion to conduct [evidentiary] hearings." Id. at 462. "A defendant's claim of ineffective assistance of trial and appellate counsel is more likely to require an evidentiary hearing because the facts often lie outside the trial record and because the attorney's testimony may be required." Ibid.

Defendant argues he received ineffective assistance because his trial counsel told him that he would be eligible for ISP as part of his plea agreement

but was ultimately denied admission. He certified that his trial counsel told him that the plea agreement would allow him to be admitted to ISP, that his trial counsel knew the sentencing judge would find aggravating factor five because "the judge told trial counsel beforehand," and that his trial counsel lied to him about whether the sentencing judge would find aggravating factor five. Defendant states that he would not have accepted the plea agreement if it meant that he would not be eligible for ISP.

Defendant's plea agreement did not prohibit him from being admitted to ISP but included that the "sentencing judge [would] not recommend ISP" if defendant were to apply. Defendant's trial counsel certified that he "never told [defendant] that [the sentencing judge] would recommend [defendant] for ISP." The sentencing judge discussed the terms of the plea agreement and the possibility of being admitted to ISP with defendant:

> THE COURT: You understand that as part of this plea agreement, negotiated between [defendant's trial counsel] on your behalf, and . . . the State, there is a component which the [c]ourt has agreed to, not to recommend your admission into the [ISP].
>
> DEFENDANT: Yes, I know that.
>
> THE COURT: And that doesn't deprive the resentencing panel from considering you for that program, or even putting you on it.

7

DEFENDANT: Yes, sir.

THE COURT: But I will, as I always do, get a communication from the ISP staff indicating that an application has been made, and when that comes, if it comes in your case, I will say that this [c]ourt does not recommend ISP, but defers to the expertise of the panel.

DEFENDANT: Okay. Thank you, your Honor.

THE COURT: As long as you understand that. The likelihood of ISP is thereby somewhat minimized.

DEFENDANT: Yes, I know that, your Honor.

Defendant's plea agreement and trial counsel, as well as the sentencing judge, all made clear that the sentencing judge would not recommend defendant for ISP, and none stated that he would not be ineligible for ISP.

Defendant asserts that his trial counsel knew that the sentencing judge would find aggravating factor five and lied to defendant so that he would accept the plea agreement. However, defendant's trial counsel certified that aggravating factor five "never came up in any discussions between [him], the prosecutor, or the judge," and "[a]t no point did [he] tell [defendant] that aggravating factor [five] would not be found applicable by the sentencing judge[.]" Additionally, in accepting the plea agreement defendant responded "no" to the question "[h]ave any promises other than those mentioned on this form, or any threats, been made in order to cause you to plead guilty?"

Defendant asserts that he would not have accepted the plea agreement and would have gone to trial if he had known that the sentencing judge would find aggravating factor five and that he would be denied admission to ISP. Nothing in the plea agreement renders defendant ineligible for ISP, nor does the sentencing judge finding aggravating factor five necessarily result in defendant being ineligible for ISP. There is nothing in the record to suggest that defendant would not have pled guilty had he known that he would not have been admitted to ISP, particularly considering that his plea agreement included that the sentencing judge would not recommend him to ISP. Defendant merely supports his petition for PCR with "bald assertions," Cummings, 321 N.J. Super. at 170, which are insufficient to establish a prima facie case of ineffective assistance of counsel.

To the extent we have not addressed defendant's remaining arguments we conclude that they are without sufficient merit to warrant discussion in a written. R. 2:11-3(e).

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0310-19T4